**COMMON CAUSE et al., Plaintiffs,**

v.

**NUCLEAR REGULATORY COMMISSION et al., Defendants.**

Civ. A. No. 80–2347.

United States District Court,
District of Columbia.

July 2, 1981.

Kenneth J. Guido, Jr., Ellen G. Block, Donald J. Simon, Washington, D.C., for plaintiffs.

Charles F. C. Ruff, U.S. Atty., Royce C. Lamberth, Jason D. Kogan, Asst. U.S. Attys., Washington, D.C., for defendants.

## MEMORANDUM

CURRAN, Senior District Judge.

This action is before the Court on cross-motions for summary judgment. The plaintiffs seek declaratory judgment that the Nuclear Regulatory Commission (NRC) violated the Government in the Sunshine Act, 5 U.S.C. § 552b, by excluding a representative of Common Cause from a July 18, 1980 meeting concerning the fiscal year 1982 budget. The plaintiffs also seek an injunction compelling defendants to admit the plaintiffs to similar future meetings. The Court finds that the NRC acted unlawfully and in an order issued with this memorandum grants summary judgment to the plaintiffs and enjoins future closings of similar meetings.

The facts of the case are not in dispute. On July 16, 1980, the NRC published a notice in the Federal Register, 45 *Fed.Reg.* 47816, stating that a meeting to be held two days later would be a "public meeting." That meeting, according to the notice, would concern "fiscal year 1982 Budget Review." A representative from Common Cause sought to attend the July 18 meeting. As the meeting began, the Chairman of the NRC moved to close the meeting pursuant to Exemption 9(B) of the Sunshine Act. That motion passed with all three Commissioners voting in favor. The Common Cause representative was subsequently excluded, although two other members of the public were not. NRC claimed authority to close the July 18 meeting under Exemption 9(B) of the Sunshine Act. That exemption provides that an agency meeting may be closed if premature disclosure of information in the meeting would "be likely to significantly frustrate the implementation of a proposed agency action." 5 U.S.C. § 552b(c)(9)(B).

Subsequent to the filing of this case, the NRC, on February 27, 1981, released to Common Cause a full transcript of the July 18 meeting. The transcript of the meeting reveals that the discussion involved the gen-eral proposed budget requests of the NRC and the general relationship between those requests and various budgetary documents. The NRC has taken the position that budget discussions such as those held on July 18 must be shielded from public scrutiny until release of the President's budget to Congress. The release of this transcript to the plaintiffs was prompted by the fact that the President had completed the submission of his budget to Congress. Counsel for the NRC has stated that it intends to follow this policy in future years. Therefore, budget meetings will continue to be held in closed session and transcripts of those meetings will not be made public until many months after they occur.

Under the Budget and Accounting Act (31 U.S.C. § 16) the President may prescribe such rules and regulations as he considers necessary in requiring agencies to prepare and submit budget requests to the Office of Management and Budget. It has been the long standing practice of presidents to require that these requests be submitted in confidence and remain confidential until the President transmits his proposed budget to Congress. In general, Congress has respected the confidentiality of the budget requests submitted by agencies. However, some agencies must submit copies of their requests directly to Congress as they are submitted to the President.[1] There is no absolute policy of privileged agency budget communications. In view of the presidential policy requiring confidentiality, it is understandable why the NRC would want to close its budget review meetings. The problem is to justify such closures under the Sunshine Act.

The Sunshine Act requires that if an agency is headed by two or more members, meetings of those members shall be open to public observation unless specifically exempted. The Act provides for ten exemptions under which an agency may close all or part of a meeting; as noted above, the NRC here invoked exemption 9(B). None

---

1. Consumer Product Safety Act, § 27(k)(1), 86 Stat. 1227, 15 U.S.C. § 2076(k)(1) (Supp. V, 1975); The Commodity Futures Trading Com- mission Act of 1974, § 101(a)(9), 88 Stat. 1390–1391, 7 U.S.C. § 4a(h) (Supp. V, 1975).

of the ten exemptions in the Act specifically refer to budget meetings, and neither the legislative history nor subsequent case law offer clear guidance on the application of exemption 9(B) to agency budget deliberations.

Exemption 9(B) allows a meeting to be closed if premature disclosure of matters discussed is *likely* to significantly frustrate implementation of a proposed agency action. The burden is on the agency to prove this reasonable likelihood. This Court finds that the defendants have failed to establish a reasonable likelihood of any harm to future agency actions by opening budget discussion meetings.